Peaeson, C. J.
 

 The ease is narrowed down to the claims of Clara Becknall and Uoah Brown. In respect to Clara, we arc of opinion that all of her right, under the deed of 1833, for the enforcement of which the bill is filed, was extinguished and merged in the deed of 1847, which was taken as a substitute therefor, consequently, her remedy should be on that deed.
 

 In respect to Brown, we are of opinion that his right, under the mortgage is presumed to be
 
 abandoned
 
 from lapse of time. The land was a fund out of which he could have enforced payment of the amount due, at any time during the space of more than ten years, during all of which time the mortgagor was allowed to retain possession. Prom this state of things, a presumption arises under the statute, as there was no paj’ment of any part of the debt, or oven of the interest, and nothing was said or done in respect to it, that the matter has been arranged in some way, and the right to enforce the mortgage, abandoned. The Court is required to act on this presumption unless it be satisfactorily rebutted. Loose declarations, such as are proven in this case,
 
 after
 
 the right is presumed to have been abandoned, cannot be allowed the effect of rebutting the presumption, for the object of the statute and of the principle of the common lavr, which it commends so highly as to require it to be acted on in ten years instead of
 
 *425
 
 twenty, is to prevent fraud and perjury in regard to “stale claims;” on the ground that one who sleeps on his right for ten years, either has arranged it in some way, or ought to lose-it, because of his negligence.
 

 Per Curiam, Bill dismissed.